In the Matter of PHILIP A. MYLOD, Respondent, against MARK GRAVES et al., Constituting the State Tax Commission, Appellants.

Argued May 19, 1937; decided June 1, 1937.

*John J. Bennett, Jr., Attorney-General* (*Seth T. Cole* of counsel), for appellants. It was not necessary that charges should be preferred against petitioner or that a hearing be held thereon prior to his removal. (*Matter of Christey* v. *Cochrane,* 211 N. Y. 333; *People ex rel. Fonda* v. *Morton,* 148 N. Y. 156; *People ex rel. Jacobus* v. *Van Wyck,* 157 N. Y. 495; *Matter of Weeks* v. *Kraft,* 147 App. Div. 403; *Matter of Barnes,* 83 Misc. Rep. 272; *People ex rel. McKnight* v. *Glynn,* 56 Misc. Rep. 35; *Morgan* v. *Warner,* 45 App. Div. 424; 162 N. Y. 612; *Matter of Cager,* 111 N. Y. 343; *Matter of Curtis,* 142 N. Y. 219; *Matter of Kimberly,* 150 N. Y. 90; *Matter of Burgess,* 204 N. Y. 265; *People ex rel. McNeile* v. *Glynn,* 128 App. Div. 257.) The fact that petitioner's office was classified in the exempt class under the Civil Service Law (Cons. Laws, ch. 7) is unimportant. (*Matter of Fornara* v. *Schroeder,* 261 N. Y. 363.)

*James E. Carroll, Leonard Acker* and *Herman A. Levine* for respondent. All veterans in the classified civil service are entitled to the protection of section 22 of the Civil Service Law unless they come within one of the three exceptions specifically contained therein, to wit, " the position of private secretary, cashier or deputy of any official or department." (*Fornara* v. *Schroeder,* 261 N. Y. 363; *Matter of Byrnes* v. *Windels,* 265 N. Y. 403; *Matter of Mafera* v. *Pasta,* 265 N. Y. 552; *Matter of Kiernan* v. *Ingersoll,* 265 N. Y. 553.) Petitioner as tax appraiser was in any event not an independent judicial officer but held a subordinate position. (*Matter of Costello,* 189

N. Y. 288; *Matter of Vietor*, 160 App. Div. 32; *Matter of Jones*, 151 Misc. Rep. 859; *Matter of Wolfe*, 137 N. Y. 205; *People ex rel. Jacobus* v. *Van Wyck*, 157 N. Y. 495; *Matter of Weaver*, 72 Misc. Rep. 438; *People ex rel. Hoefle* v. *Cahill*, 188 N. Y. 489; *Matter of Steinwender*, 172 App. Div. 871; *Matter of Thompson*, 57 App. Div. 317; *Matter of Von Bernuth*, 103 Misc. Rep. 521; *Matter of Kiernan*, 134 Misc. Rep. 868; 227 App. Div. 782; *Matter of Bishop*, 111 App. Div. 545; 188 N. Y. 635; *People ex rel. Graves* v. *Sohmer*, 107 N. Y. 450; *Matter of Simons* v. *McGuire*, 204 N. Y. 353; *People ex rel. Lodes* v. *Department of Health*, 189 N. Y. 187.)

CRANE, Ch. J. The petitioner was appointed Tax Appraiser for Dutchess county on April 5, 1923. He was a World War veteran and claims the preference given by section 22 of the Civil Service Law (Cons. Laws, ch. 7) to veterans. His salary was $4,000. On July 17, 1935, he was removed without a hearing; no charges were preferred against him, the claim of the Tax Commissioner being that he was an official and not an employee, and thus did not come within the provisions of section 22 of the Civil Service Law. This was the holding of the Special Term on the petitioner's application for a peremptory mandamus. The Appellate Division by a divided court have reversed this holding and have decided that the petitioner was a subordinate employee entitled to all the protection afforded veterans.

At the outset we must determine the test to be applied to the position. The respondent claims that the former tests are no longer applicable since *Matter of Fornara* v. *Schroeder* (261 N. Y. 363), and that all veterans in any position are entitled to protection except " the position of private secretary, cashier or deputy of any official or department." All that the *Fornara* case decided was that subordinate employees were entitled to the protection as veterans even although put in the exempt class. Positions in the exempt class are included in the protection afforded by section 22 of the Civil Service Law.

There is another exception which has been applied by the authorities to officials holding independent positions and not subordinate employees. Section 22 of the Civil Service Law was intended to apply only to those holding positions of a subordinate nature, and I do not find that this distinction or rule has been departed from in any of the recent cases. *People ex rel. Jacobus v. Van Wyck* (157 N. Y. 495) related to one of the board of assessors of the city of New York at the time of the consolidation with Brooklyn in 1897. Jacobus was removed by subsequent appointments of the Mayor under the new charter and claimed the benefit of the Veterans' Act. This court said: " The test by which to determine whether they [officials] are subordinates is not whether a review of such of their determinations as are quasi-judicial may be had, but whether, in the performance of their various duties, they are subject to the direction and control of a superior officer, or are independent officers, subject only to such directions as the statute gives. If the latter, then the officer is not a subordinate as the term is used in the decisions bearing upon this subject " (p. 506).

One of the decisions referred to was *People ex rel. Fonda v. Morton* (148 N. Y. 156), wherein Chief Judge ANDREWS said of the Veterans' Act: " It is apparent that the legislation culminating in the act of 1894 has nothing primarily to do with what is called the civil service system. It was intended to create a privileged class entitled to preferential employment in subordinate positions in the public service, the foundation of the preference being meritorious service as soldiers and sailors in the war for the preservation of the Union. * * * The preference is given not only in clerical or other subordinate positions, but to every person seeking public employment as a laborer on the canals or on the streets of a city, or in any capacity however humble " (p. 162).

*Matter of Christey v. Cochrane* (211 N. Y. 333) cites these cases and follows them in the case of the Auditor

of the city of Buffalo who under the charter was appointed by the Comptroller. This court held that he was an independent official subject to removal at any time.

In view of these authorities the main contention in this appeal has been over the nature of the petitioner's duties. Was he an independent officer or a subordinate employee?

Section 229 of the Tax Law (Cons. Laws, ch. 60) reads: " There shall be a salaried appraiser for each of the counties of New York, Kings, Bronx, Albany, Dutchess, Erie, Monroe, Nassau, Niagara, Oneida, Onondaga, Orange, Queens, Rensselaer, Richmond, Suffolk, Chautauqua and Westchester. The president of the tax commission shall appoint for each such county an appraiser, and such stenographers and other employees as may be needed for the proper administration of this article, and shall fix their salaries within the amounts appropriated for such purpose. The president of the tax commission may also designate one or more deputy appraisers for any of the aforementioned counties. Appraisal reports may be signed by the appraiser or deputy. The provisions of section nine of the public officers law shall apply to deputy appraisers appointed pursuant to this section."

In the first place we notice that the Tax Commissioner may appoint a deputy appraiser to whom the provisions of section 9 of the Public Officers Law (Cons. Laws, ch. 47) apply. This latter section enacts that the deputy possesses the powers and performs the duties of the principal, and in the case of vacancy shall continue to hold the office of the principal until the vacancy has been filled.

Section 22 of the Civil Service Law, in the last sentence, reads: " Nothing in this section shall be construed to apply to the position * * * of deputy of any official * * *." Thus, section 9 of the Public Officers Law referring to all deputies, and all deputies appointed

as such, and having such powers as designated in the Public Officers Law, are exempted from the Veterans' Act. It would be strange indeed if the Appraiser was a subordinate who could not be removed if a veteran, without notice, whereas his deputy could be. The very reading of these acts indicates that the Appraiser was considered an independent official who may have a deputy, and that both are presumed to be exempt as public officers from the provisions of section 22 of the Civil Service Law. Besides, his duties, in my judgment, so indicate.

By section 230 of the Tax Law the Surrogate, upon the application of the Tax Commission, may order the Assessor appointed, pursuant to section 229, to fix the fair market value of property of persons whose estate shall be subject to the payment of any transfer tax. The Appraiser shall give notice by mail to all persons interested " including, the tax commission." If he were a mere subordinate of the Tax Commission or the President of the Tax Commission, such language would be inappropriate. He would not be appointed by a third party to do an act commanded by statute and then give notice to his superior in accordance with statute. The report of the Appraiser is to be made in duplicate; one filed with the Surrogate, the other with the Tax Commission.

Section 232 of the Tax Law is particularly significant. It reads: " The tax commission or any person dissatisfied with the appraisement or assessment and determination of tax may appeal therefrom to the surrogate within sixty days from the fixing, assessing and determination of tax by the surrogate as herein provided, * * *." In other words, the Tax Commission has the right to appeal from the appraisement as made by the Appraiser and reported to the Surrogate and upon which he has automatically acted. I say " automatically " because after the Surrogate has fixed the tax on the Appraiser's report the appeal therefrom is to himself. Section 231

reads: " From such report of appraisal * * * the surrogate shall forthwith, as *of course*, determine the cash value of all estates and the amount of tax to which the same are liable." Section 232, as above quoted, provides for the appeal from such determination to the Surrogate.

It is true there are other matters connected with the opening of safe deposit boxes and the preservation of the assets, which make the duties of the Appraiser more or less ministerial and clerical. However, his main duties are those of an independent official acting in a quasi-judicial capacity and determining the values of estates to be taxed, independent of supervision, of direction or control by the appointing powers. The President of the Commission appoints him to the office; the Surrogate selects him for action. His determination is independent of both, but it may be reviewed by the Surrogate upon objection being filed by the Commission. Just where the dividing line is between an official and a subordinate in order to mark off the application of section 22 of the Civil Service Law is not always an easy matter to determine. In 1907 the position of Tax Assessor was held to be an office by the Supreme Court, Special Term, of Albany county, in *People ex rel. McKnight* v. *Glynn* (56 Misc. Rep. 35). Apparently this court has not found a rule which can be easily and automatically applied. Each case must be determined upon the facts. The principle, however, is clear.

We are of the opinion that the Tax Appraiser in this instance did not come within the class of a subordinate employee; and that his removal without a hearing on charges was proper.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Ordered accordingly.