In the Matter of HARRY BASS et al., Petitioners, against GEORGE M. BRAGALINI, as Commissioner of Taxation and Finance and President of State Tax Commission, et al., Respondents.

Supreme Court, Special Term, Albany County, June 20, 1955.

*Samuel Resnicoff* for petitioners.

*Mortimer M. Kassell* and *Miriam Wernick* for George M. Bragalini, as commissioner and president, respondent.

*Theodore Spatz* for Arthur Levitt, as Comptroller of the State of New York, respondent.

*Francis J. Sullivan* for Alexander A. Falk, as President of the State Civil Service Commission, respondent.

*Jacob K. Javits, Attorney-General (Milton Alpert* of counsel), for Mary G. Krone, as Commissioner of the State Civil Service Commission, and others, respondents.

SCHIRICK, J. This proceeding is brought pursuant to article 78 of the Civil Practice Act to review and annul the determination made by the respondent George M. Bragalini removing the petitioners from their positions as associate attorneys (estate tax), Department of Taxation and Finance, in the Counties of Kings and Suffolk respectively.

The petitioners were removed without a hearing or charges against them. It is their contention that such removal violates their rights as honorably discharged veterans set forth in section 22 of the Civil Service Law. That section reads as follows: "1. Removal of veterans and volunteer firemen. No person holding a position by appointment or employment in the state of New York, * * * who is an honorably discharged soldier, sailor, marine, or member of the army nurse corps or navy nurse corps (female), having served as such in the army or navy of the United States during the late war with Spain, or during the incidental insurrections in the Philippines prior to July fourth, nineteen hundred two, or during world war I, or world war II, * * * shall be removed from such position except for incompetency or misconduct shown after a hearing upon due notice upon stated charges, and with the right to such employee or appointee to a review pursuant to article seventy-eight of the civil practice act. * * * Nothing in this subdivision shall be construed to apply to the position of private secretary, cashier or deputy of any official or department."

By long-established judicial construction, this section has been held to apply only to positions of subordinate nature and not to independent officers. (*Matter of Mylod* v. *Graves*, 274 N. Y. 381; *People ex rel. Jacobus* v. *Van Wyck*, 157 N. Y. 495.)

The Court of Appeals has recently had occasion to reaffirm the doctrine and to restate the distinction between the two classes of positions. In *Matter of O'Day* v. *Yeager* (308 N. Y. 580, 586), the court stated: " Whether a particular person is an independent officer or a subordinate employee ' is not always an easy matter to determine.' (*Matter of Mylod* v. *Graves, supra,* 274 N. Y. 381, 387.) No automatic rule, no definitive signpost, is at hand, for it may fairly be said that each case must be decided upon its own facts. (Compare, e.g., *Matter of Mercer* v. *Dowd, supra,* 288 N. Y. 381, with *Matter of Pinkus* v. *Village of Hempstead,* 294 N. Y. 719; see, also, *Matter of Bergerman* v. *Byrnes,* 305 N. Y. 811; *Matter of Mafera* v. *Pasta,* 265 N. Y. 552.) The decisions do, however, contain certain guides and, if we were to attempt a formulization, it would be this — he is a subordinate employee who, in the performance

of his various duties, is subject to the direction and control of a superior officer, while he is an independent officer whose position is created, and whose powers and duties are prescribed, by statute and who exercises a high degree of initiative and independent judgment. (See *Matter of Mylod* v. *Graves, supra,* 274 N. Y. 381; *Matter of Christey* v. *Cochrane,* 211 N. Y. 333; *People ex rel. Jacobus* v. *Van Wyck, supra,* 157 N. Y. 495; see, also, *Matter of Bergerman* v. *Byrnes, supra,* 305 N. Y. 811.) ''

Applying such principle, the court held that the position of clerk of the Surrogate's Court of Erie County is an independent office and, as such, not covered by section 22 of the Civil Service Law. In reaching such conclusion the court pointed out that the duties of such clerk '' encompass a vast range of responsibility, since, quite obviously the surrogate himself could not possibly investigate all of the wills filed and considered in this court.'' (P. 587.).

While the precise functions of the positions occupied by the petitioners are not specifically defined by statute, the scope is inherent in their nature. They represent the State Tax Commission in estate and transfer tax proceedings in their respective counties. As in the *O'Day* case, it is obvious that the Tax Commission could not itself investigate each and every one of such proceedings. The incumbent of the position of associate attorney (estate tax) must determine whether to appear and oppose applications for exemption and for the fixation of taxes; whether to object to the report of the appraiser; whether to consent to or contest applications involving ancillary proceedings in the estates of nonresidents; whether to permit the removal of contents of safe-deposit boxes. These, and many other decisions which such attorneys must make, involve a considerable extent of discretionary powers and independent determinations. That such determinations may be guided by rules and principles set forth in the law and in the regulations of the State Tax Commission does not deprive such positions of their independent status. As stated by the court in the *O'Day* case (p. 588), '' one's status as an independent officer is not affected because some of the duties entrusted to him may be ' more or less ministerial and clerical.' ''

It is the opinion of the court that the positions in question are those authorized by section 249-x of the Tax Law and that they are independent, rather than subordinate positions. It is further the opinion of the court that these positions involve the confidential relation of attorney and client, to which the provisions of section 22 of the Civil Service Law are inappropriate

and inapplicable. (*Matter of Pinkus* v. *Village of Hempstead*, 182 Misc. 546, affd. 268 App. Div. 882.)

Section 25 of the Civil Service Law, which prohibits the consideration of political affiliation in the appointment and removal of employees, has no application to the positions in question since they are in the exempt class. (*People ex rel. Garvey* v. *Prendergast*, 148 App. Div. 129; *Matter of Merriweather* v. *Roberts*, 268 N. Y. 12.)

The application is denied.