In the Matter of ALBIN E. ERIKSON, Petitioner, against JULIUS HELFAND et al., Constituting the Athletic Commission of the State of New York, et al., Respondents.

Supreme Court, Special Term, Albany County, September 6, 1955.

*James F. Ryan* for petitioner.

*Jacob K. Javits, Attorney-General (James O. Moore, Jr.,* and *George H. Rothlauf* of counsel), for respondents.

HAMM, J.  This is an article 78 proceeding brought by the petitioner for reinstatement to the position of deputy commissioner of the State Athletic Commission.

By order of the Supreme Court, New York County Special Term, entered August 2, 1955, this proceeding was transferred for disposition to the Albany County Special Term of August 12, 1955.

The petitioner is an honorably discharged veteran of World War I. On March 13, 1953, he was appointed a deputy commissioner of the State Athletic Commission. He was dismissed on April 30, 1955, without charges and without a hearing.

Section 22 of the Civil Service Law recites: " 1. Removal of veterans and volunteer firemen. No person holding a position by appointment or employment in the state of New York, * * * who is an honorably discharged soldier, sailor, marine, or member of the army nurse corps or navy nurse corps (female), having served as such in the army or navy of the United States * * * during world war I, * * * shall be removed from such position except for incompetency or misconduct shown after a hearing upon due notice upon stated charges, and with the right to such employee or appointee to a review pursuant to article seventy-eight of the civil practice act. * * * Nothing in this subdivision shall be construed to apply to the position of private secretary, cashier or deputy of any official or department."

The mere use of the word " deputy " does not make a person having the title of deputy a deputy within the meaning of section 22 and does not in and of itself create the exception. (*Matter of Byrnes* v. *Windels*, 265 N. Y. 403, 407.)

But by judicial construction not only private secretaries, cashiers and deputies but also independent officers as distinguished from subordinate employees are excluded from the protective provisions of the statute requiring notice and hearing. The petitioner claims to have occupied a subordinate position, the respondents say he was an independent officer.

Section 2 of chapter 912 of the Laws of 1920, as amended by chapter 666 of the Laws of 1952, provides with reference to officers and employees of the commission: " The commission may appoint, and at pleasure remove, deputies who shall be paid a salary within budgetary appropriations and all necessary expenses for traveling and maintenance incurred by them in the performance of their official duties outside of the city in which they are regularly employed. The commission may appoint, and at pleasure remove, a secretary to the commission, * * *. The commission may employ such other officers, employees and inspectors as may be necessary to administer the provisions of this act and fix their salaries within the amount appropriated

therefor by the legislature. The necessary traveling and other necessary expenses of the members of the commission, and the salary of its deputies and secretary, shall be paid monthly out of the state treasury on the warrant of the comptroller and the certificate of the chairman of the commission out of the money appropriated to be used therefor.''

The only reference whatever in the statute to the powers and duties of a deputy commissioner is the following (L. 1920, ch. 912, § 5 as amd.): '' The commission shall direct a deputy to be present at each place where boxing, sparring or wrestling matches or exhibitions are to be held pursuant to the provisions of this act. Such deputy shall ascertain the exact conditions surrounding such match or exhibition and make a written report of the same in the manner and form prescribed by the commission.'' These duties require little if any more than adequate literacy and reasonable faculty of observation. They are wholly subordinate.

The statute also provides (L. 1920, ch. 912, § 1 as amd.): '' The members of the commission shall adopt a seal for the commission, and make such rules for the administration of their office, not inconsistent herewith, as they may deem expedient; and they may amend or abrogate such rules.'' The authority of the commission to make rules for its own administration and the administration of its officers or employees would be inherent in the absence of express statutory permission.

By the adoption of '' rules and regulations '' each deputy commissioner is given full power to act on behalf of the commission and to suspend, without prior notice, any licensee for any violation of the rules and regulations or of the law. The rules and regulations also confer other broad powers on the deputies.

The distinction between subordinate employees and independent officers was recently restated in *Matter of O'Day* v. *Yeager* (308 N. Y. 580, 586): '' Whether a particular person is an independent officer or a subordinate employee ' is not always an easy matter to determine.' (*Matter of Mylod* v. *Graves, supra,* 274 N. Y. 381, 387.) No automatic rule, no definitive signpost, is at hand, for it may fairly be said that each case must be decided upon its own facts. (Compare, e.g., *Matter of Mercer* v. *Dowd, supra,* 288 N. Y. 381, with *Matter of Pinkus* v. *Village of Hempstead,* 294 N. Y. 719; see, also, *Matter of Bergerman* v. *Byrnes,* 305 N. Y. 811; *Matter of Mafera* v. *Pasta,* 265 N. Y. 552.) The decisions do, however, contain certain guides and, if we were to attempt a formulization, it

would be this — he is an independent officer whose position is created, and whose powers and duties are prescribed, by statute and who exercises a high degree of initiative and independent judgment. (See *Matter of Mylod* v. *Graves, supra,* 274 N. Y. 381; *Matter of Christey* v. *Cochrane,* 211 N. Y. 333; *People ex rel. Jacobus* v. *Van Wyck, supra,* 157 N. Y. 495; see, also, *Matter of Bergerman* v. *Byrnes, supra,* 305 N. Y. 811.) ''

The commission's authority to make rules for the administration of its office does not permit it to create an independent position where none exists by statute through conferring independent powers on deputies by the adoption of rules and regulations. If such thesis were sound, the commission could create independent officers at will by the grant and imposition of broad but revocable powers and duties and could make independent officers also of all '' such other officers '' mentioned in the statute by merely bestowing on them extensive but revocable authority.

The petitioner's status does not satisfy the juridical concept of an independent officer. His office and his duties insofar as they are prescribed by statute are wholly subordinate.

An order may be submitted directing the respondent Civil Service Commissioners to certify to the Comptroller that the petitioner is eligible to be placed on the payroll of the State Athletic Commission, directing the respondent commissioners of the Athletic Commission to reinstate the petitioner and directing the Comptroller to pay the amount of salary certified as due from the date of the petitioner's dismissal to the date of his reinstatement and awarding $50 costs and disbursements.

Submit order on three days' notice.