Isadore Bookstein, J.
Petitioner was appointed by the Commissioner of Taxation and Finance of the State of New York on April 1, 1955 to the position of metropolitan realty appraiser in the New York City office of the New York State Department of Taxation and Finance.
The position is in the exempt class of the classified civil service and petitioner is an honorably discharged war veteran. On March 16,1959, petitioner was discharged from his position, without charges being preferred against him and without any hearing.
He claims to be entitled to the protection of subdivision 1 of section 22 of the Civil Service Law in that he is not within the class excepted from the protection afforded thereby against removal, except on charges and a hearing and, accordingly, he has instituted this article 78 proceeding to require respondents to reinstate him to his position, claiming he is not a deputy or an independent officer but a subordinate employee.
In Matter of Behringer v. Parisi (5 N Y 2d 147) the Court of Appeals has made crystal clear some matters which have heretofore, perhaps, been somewhat clouded.
Thus, it is clear that even a subordinate employee may be a “deputy”, within the excepted class of subdivision 1 of section 22 of the Civil Service Law; that one may be an independent officer and thus be judicially within such excepted class ; that one may have the title of deputy and still, in fact, not be a deputy, within the excepted class.
“For a position to be deemed that of ‘deputy’, it is not required that it be specifically named in a statute or that its duties be prescribed by statute. It is sufficient if a statute authorises the delegation of such type of duties as ordinarily would be exercised by one occupying the position of ‘ deputy ’. ’ ’ (Matter of Behringer v. Parisi, supra, p. 151.)
Article 10-B of the Tax Law governs the assessment and collection of estate taxes. By section 249-k thereof and by section 171 of the Tax Law, the power and duty to carry out the provisions of article 10-B is conferred upon the State Tax Commission.
*274 Section 249-u of the Tax Law establishes the position of appraiser for each of the counties named therein and provides for their appointment by the Commissioner of Taxation and Finance. That section also provides that “ Such commissioner may also designate one or more deputy appraisers for any of the aforementioned counties. Appraisal reports may be signed by the appraiser or deputy ”.
Section 249-v of the Tax Taw delineates important duties to be performed by appraisers. It would certainly seem to follow that such duties must be performed by deputy appraisers.
Attached to the answer in this case is “ Exhibit B ” which contains a description of the duties of the ‘ ‘ Metropolitan Realty Appraiser ” signed by petitioner’s predecessor in that position. Petitioner argues that such exhibit may be of some probative value as to the duties of the office but that it is merely the version of the prior incumbent of the duties of the office, but this is not quite so. That exhibit also is signed by the incumbent’s superior, Samuel E. Lepler, certifying to the correctness of the description of the duties as set forth by such incumbent. In that connection, it should be noted that such superior sets forth the title of his position as “ Metro.” (Metropolitan) “ Estate Tax Supervisor and Appraiser ”.
Respondents’ Exhibit “ C ” is an affidavit by said Samuel E. Lepler, setting forth the duties, obligations and responsibilities of petitioner in his position.
Taking into consideration the duties of petitioner’s position as set forth in Exhibits ‘1 B ” and “ 0 ” and in section 249-v of the Tax Law, it seems clear that they are those either of an independent officer, the judicially excepted office from the protection of subdivision 1 of section 22 of the Civil Service Law or of a “deputy”, the legislatively excepted office from the protection of subdivision 1 of section 22 of the Civil Service Law.
In Matter of Mylod v. Graves (274 N. Y. 381) the Court of Appeals held that a transfer tax appraiser, appointed pursuant to section 229 of the Tax Law is an independent officer and not entitled to the protection of subdivision 1 of section 22 of the Civil Service Law.
Petitioner was appointed pursuant to section 249-u of the Tax Law which was derived from section 229 of the Tax Law. Insofar as the question to be determined in this proceeding is concerned, present section 249-u of the present Tax Law and former section 229 of the Tax Law are identical. The differences are in the enumerated counties and in the title of the head of the Tax Department.
*275 In Matter of Mylod v. Graves (supra, p. 385), the court said:
‘ ‘ In the first place we notice that the Tax Commissioner may appoint a deputy appraiser to whom the provisions of section 9 of the Public Officers Law (Cons. Laws, ch. 47) apply. This latter section enacts that the deputy possesses the powers and performs the duties of the principal, and in the case of vacancy shall continue to hold the office of the principal until the vacancy has been filled ”.
Section 9 of the Public Officers Law is the same now as it was at the time of the decision in Matter of Mylod v. Graves (supra).
So, too, section 249-u of the present Tax Law contains the same provision as did section 229 of the Tax Law, at the time of the decision in Mylod v. Graves, to wit: “ The provisions of section nine of the public officers law shall apply to deputy appraisers appointed pursuant to this section”.
At the time of the decision in Matter of Mylod v. Graves (supra), the then section 230 of the Tax Law delineated important duties of an appraiser. Substantially the same provisions on that subject are now incorporated in present section 249-v of the Tax Law.
Petitioner’s title is in no way determinative of the proposition of whether or not he is a deputy appraiser. The title of petitioner’s position definitively is that of an appraiser. The descriptive words before the word “ appraiser ” in his title are merely indicative of the area in which he performs his duties, to wit, the metropolitan area and the particular segment of the property he is to appraise, to wit, real property, in the administration of the estate tax article of the Tax Law. It would not alter the actual situation if, instead, he were called deputy appraiser — in charge of real estate appraisals in the Metropolitan Area.
Since there is already an appraiser in the person of Samuel E. Lepler, whose title is also descriptive of his position, to wit: “Metropolitan Estate Tax Supervisor and Appraiser” and since petitioner is also an appraiser, it follows that he is a deputy appraiser whose title denotes that he is an appraiser, but also describes the field and area in which he is an appraiser. Since there can be no question of the fact that he is an appraiser under the estate tax article of the Tax Law and since there is a position whose title indicates that it is of higher rank than that of petitioner, it seems to me that there can be no question but that he is a deputy appraiser, appointed pursuant to the authority of section 249-u of the Tax Law and hence subject to the provisions of section 9 of the Public Officers Law.
*276 Petitioner’s brief requests the court to take judicial notice of the fact that the appraiser referred to in the first sentence of section 249-u is Mr. Lefler and the court complies with such request, for the purposes of this proceeding.
Petitioner argues that he is a subordinate employee under section 249-u of the Tax Law, since that section provides that “ The commissioner of taxation and finance shall appoint for each such county an appraiser, and such stenographers and other employees as may be needed for the proper administration of this article ”. His contention is that he is appointed under the catch phrase “ other employees ”. Such contention completely overlooks the following provisions of that section, to wit: “ Such commissioner may also designate one or more deputy appraisers for any of the aforementioned counties. Appraisal reports may be signed by the appraiser or deputy ”.
Since petitioner’s title and duties are those of an appraiser, although a deputy, it is clear that his appointment is under that portion of section 249-u which authorizes the appointment of deputy appraisers and not under that portion of that section authorizing the appointment of “ stenographers and other employees
If my analysis is correct, then it seems clear that the case of Matter of Mylod v. Graves (supra) is controlling and that, thereunder, petitioner is not entitled to the protection of subdivision 1 of section 22 of the Civil Service Law.
If, perchance, the conclusion thus reached is erroneous, then, as I understand the decision in Matter of Behringer v. Parisi (5 N Y 2d 147, supra), petitioner’s duties are such as to constitute him a 1 ‘ deputy ’ ’ within the class excepted by subdivision 1 of section 22 of the Civil Service Law from the benefits conferred thereby on honorably discharged veterans.
Accordingly, the petition is dismissed upon the merits, with costs.
Submit order.