█ In the Matter of EDWARD S. MORTON, Appellant, against JOSEPH H. MURPHY, as President of the New York State Tax Commission, et al., Respondents.— This proceeding was instituted pursuant to article 78 of the Civil Practice Act for an order reinstating petitioner to his position in the Department of Taxation and Finance of the State of New York pursuant to section 22 of the Civil Service Law. The petitioner for a number of years was a Metropolitan Realty Appraiser associated with the New York City office of the Department of Taxation and Finance. On March 9, 1959 he received notice from the Commissioner that his services were not required after March 25, 1959. The communication neither gave reason for the act of the Commissioner nor advised him of a right to a hearing. Subdivision 1 of section 22 (presently Civil

Service Law, § 75) captioned "Removal of veterans and volunteer firemen", so far as applicable herein, protects a State employee from removal from his position except for incompetency or misconduct after a hearing upon due notice. The protection does not apply to the position of private secretary, cashier or deputy of any official or department. There is a further exception to the section created by judicial interpretation and designated independent officer. It has been determined that the section is intended to apply "only to those holding positions of a subordinate nature." (*Matter of Mylod* v. *Graves*, 274 N. Y. 381, 384; *Matter of Rohr* v. *Kenngott*, 288 N. Y. 97; *Matter of O'Day* v. *Yeager*, 308 N. Y. 580, 586; *Matter of Behringer* v. *Parisi*, 5 N Y 2d 147, 152.) The petition alleged that petitioner was an honorably discharged veteran of World War I and was duly appointed on April 1, 1955 and became the permanent incumbent of the position of Metropolitan Realty Appraiser in the New York City office. The duties of the position as asserted therein were "under the direct supervision of the Estate Tax Appraiser and the Assistant Estate Tax Appraiser" and involved "reviewing appraisals made in connection with the Estate tax returns and recommending to the superior officers mentioned above appropriate changes in such Estate tax evaluations when the facts warrant such changes." The answers and the exhibits — without going into detail — attempt to demonstrate that the position called for independent determination and that only when formal objections were filed to his decisions were they reviewable by his superiors. If the position is not protected by the mandate of section 22, then it must be determined that the petitioner is a deputy or an independent officer, the only categories applicable to the facts herein. In *Behringer* (*supra*) a District Administrator of the Albany office of the Workmen's Compensation Board was summarily removed and the question was whether he qualified as a deputy within the meaning of the section and the Court of Appeals said at page 151: "For a position to be deemed that of 'deputy', it is not required that it be specifically *named* in a statute or that its duties be prescribed by statute. It is sufficient if a statute *authorizes* the delegation of such type of duties as ordinarily would be exercised by one occupying a position of 'deputy'." The petition and the answer in that case were well documented and both parties were in agreement that no factual issues remained to be tried, but the Court of Appeals was of the opinion that there was a triable issue of fact and accordingly remitted the matter to Special Term. In *Matter of O'Day* v. *Yeager* (*supra*), with reference to what constitutes an independent officer, the court said at page 586: "he is an independent officer whose position is created, and whose powers and duties are prescribed, by statute and who exercises a high degree of initiative and independent judgment." Whether the petitioner is a deputy or independent officer under the facts herein will be governed by section 249-u of the Tax Law which reads as follows: "The commissioner of taxation and finance shall appoint for each such county an appraiser, and such stenographers and other employees as may be needed for the proper administration of this article * * *. Such commissioner may also designate one or more deputy appraisers for any of the aforementioned counties. Appraisal reports may be signed by the appraiser or deputy. The provisions of section nine of the public officers law shall apply to deputy appraisers appointed pursuant to this section." Special Term determined petitioner was not entitled to the protection of the section and thereafter a motion for reargument, supported by affidavits and additional exhibits, was entertained and denied. The averments in the motion papers serve to further implement the necessity for a hearing. We are unable to determine whether the petitioner was a real estate appraiser as generally recognized or if the

duties of his office are of sufficient character and responsibility to be independent in action and supervision. *Behringer* (*supra,* p. 156) determined that the issues cannot be decided by affidavit and we conclude that this proceeding must be remitted to Special Term "so that these matters may be sufficiently developed and definite findings made thereon". The orders dismissing petition and application denying reargument are reversed, without costs, and the matter remitted to Special Term. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur. [19 Misc 2d 272.]