■ In the Matter of JOHN PAPA, Appellant, v NEIL J. DeLUCA, as City Manager of the City of Yonkers, et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the City Manager of the City of Yonkers discharging the petitioner from the position of assistant director of purchasing, the petitioner appeals from a judgment of the Supreme Court, Westchester County

(Facelle, J.), entered October 7, 1988, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner was employed by the City of Yonkers as assistant director of purchasing, from March 8, 1968 until January 19, 1988, when he was summarily discharged from his position. The dismissal was based upon his plea of guilty to a felony. The petitioner contends that since he was a civil servant he was entitled to notice of the charges against him and a hearing before he could be discharged. The respondents argue that the petitioner was a "public officer" and thus subject to Public Officers Law § 30 (1) (e), which mandates that "Every office shall be vacant upon * * * [a] conviction of a felony, or a crime involving a violation of his oath of office".

We find that the petitioner was a public officer and therefore was not entitled to a hearing prior to his dismissal. As a general rule, an individual is a public officer when his position is created by law, his "powers and duties are prescribed by statute and [he] exercises a high degree of initiative and independent judgment" (Matter of O'Day v Yeager, 308 NY 580, 586).

The petitioner's position as assistant director of purchasing was the equivalent of "Assistant Purchasing Agent" created by General City Law § 20-a.

According to the civil service test announcement for the position, the assistant director of purchasing for Yonkers assists in the purchase of a wide variety of commodities, analyzes informal bids, selects suppliers, and directs and controls a small number of clerical employees. As illustrative examples of the responsibilities of this position, the announcement indicates that the assistant director of purchasing, inter alia, (1) contacts private companies to negotiate the purchasing of materials, supplies and equipment, and (2) prepares purchase orders and maintains records on a vast array of financial transactions. We conclude that the aforementioned activities demonstrate that the petitioner's position, duties, authority and responsibilities reflect numerous indicia of his status as a public officer. Mangano, P. J., Thompson, Bracken and Eiber, JJ., concur.