In the Matter of PAUL V. WAYNE, Respondent, v. FOSTER E. VOGEL, as City Manager of the City of Long Beach, et al., Appellants.— In a proceeding pursuant to article 78 of the CPLR, the City Manager, the Common Council and other officials of the City of Long Beach appeal from a judgment of the Supreme Court, Nassau County, entered May 22, 1964, which inter alia directed them to reinstate petitioner to his full title of City Physician and Police Surgeon as of December 1, 1963, at such salary as petitioner received in that position immediately prior thereto. Judgment reversed on the law and the

facts, without costs, and petition dismissed. Findings of fact which may be inconsistent herewith are reversed, and new findings are made as indicated herein. In this proceeding, petitioner, a veteran, sought a review of the validity of an ordinance passed by the City Council of the City of Long Beach, separating the positions of Police Surgeon and City Physician formerly held by petitioner under one combined title, and the action of appellants in permitting him to remain as City Physician only, and reducing his annual salary from $5,260 to $1,000. On December 9, 1954, after passing a civil service competitive examination, petitioner was appointed to the position of City Physician at a salary of $3,000. Petitioner was also engaged in his own individual practice. On February 4, 1958, after some interim increases, petitioner's salary was increased to $5,260 per annum. Prior thereto, on December 3, 1957, the Municipal Code of the City of Long Beach was adopted, effective January 1, 1959, which, among other things, established the combined position of Police Surgeon and City Physician, but fixed the salary of Police Surgeon at the amount petitioner was then receiving, to wit: $5,260 per annum. Between January 1, 1959 and December 1, 1963 petitioner acted as both City Physician and Police Surgeon. On December 3, 1963 the City Council passed an ordinance which amended the Municipal Code so as to separate both positions. Prior thereto, petitioner was notified by letter that he would be retained as City Physician and that his salary in that position was being reduced to $1,000 as of December 1, 1963. Special Term nullified the amendment insofar as petitioner was concerned and reinstated him in both capacities. Special Term stated that such amendment effected a removal of petitioner from the office of Police Surgeon and was in violation of petitioner's rights as a veteran and member of the competitive class of civil service, pursuant to section 75 of the Civil Service Law, which, among other things, prohibits removal except for incompetency or misconduct shown after a hearing. There is no claim here of either incompetency or misconduct. In our opinion, the Municipal Code, effective January 1, 1959, established the new position of Police Surgeon, which included that of City Physician, at a salary of $5,260 per annum. In accepting the new position of Police Surgeon, petitioner relinquished his former position as City Physician. On November 27, 1963 he was appointed to the separate position of City Physician, established under the ordinance amending the Municipal Code (eff. Dec. 3, 1963), at a salary of $1,000 a year. In our opinion, the duties of petitioner's position established by statute were not indicative of those of a subordinate employee subject to the direction and control of a superior officer so as to entitle him to the protection against removal afforded under section 75 of the Civil Service Law (*Matter of O'Day* v. *Yeager*, 308 N. Y. 580; *Matter of Pinkus* v. *Village of Hempstead*, 294 N. Y. 719; *Heath* v. *Creagh*, 197 Misc. 537, affd. 276 App. Div. 948). Moreover, the requirement of the Municipal Code of the City of Long Beach that a reduction of an incumbent's salary may be effected only where there is a service-wide reduction applies to employees and not to an official such as petitioner. The papers submitted also fail to substantiate petitioner's claim of bad faith in the enactment of the ordinance complained of. No factual issues are presented in that respect sufficient to justify directing a plenary trial thereof. Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.