Froessel, J.
The issue before us on this appeal is whether petitioner is a “ deputy ” within the meaning of subdivision 1 of section 22 of the Civil Service Law,* which prohibits the summary removal without cause of veterans of the armed forces (among others) from civil service positions, but which excepts from the operation of the section “the position of private secretary, cashier or deputy of any official or department” (emphasis supplied).
*150 On December 1,1953 the predecessor of respondent-appellant, Chairman of the Workmen’s Compensation Board, appointed petitioner, an honorably discharged veteran of World War II, as permanent incumbent of the position of District Administrator of the Albany District of the board, classified in the exempt class. On March 22, 1957 respondent-appellant (hereinafter called respondent) summarily removed petitioner from this position. Thereupon petitioner commenced this article 78 proceeding for an order of reinstatement on the ground that subdivision 1 of section 22 of the Civil Service Law prohibited his removal without a hearing on "written charges of incompetency or misconduct.
The petition for reinstatement was opposed on the ground that petitioner was a “deputy” within the meaning of the legislative exception contained in the proviso of subdivision 1 of section 22, and thus not entitled to its protection. It is conceded that the position of District Administrator is not an 1 ‘ independent office ’ ’, a judicially created exception to the protective coverage of subdivision 1 of section 22.
Petitioner’s principal contention, in brief, is that to be a “ deputy ” within the meaning of subdivision 1 of section 22 it is necessary (1) that the position be named or specifically prescribed in a statute, and (2) that the duties of the position be prescribed by statute. Since the position of District Administrator is not specifically named in the Workmen’s Compensation Law, or any other 'statute, and inasmuch as there is no statutory delineation of' the duties of such position, he argues that, as a matter of law, he cannot be a “deputy”. He further contends that even if a District Administrator is legally capable of being a ‘ ‘ deputy ’ ’, the nature of his duties is such that he cannot be said to be a “ deputy ” in this case.
Respondent, on the other hand, contends that the language of section 152 of the Workmen’s Compensation Law, which authorizes her as Chairman of the board to delegate her administrative powers and duties to “the head of any bureau or section of the board”, is sufficient authority for the creation of “deputies”, and that by delegating certain powers and duties, enumerated in paragraphs fifteenth to thirty-third of her answer, to petitioner as one of her District Administrators, she constituted him a “deputy” within the meaning of subdivision 1 of section 22.
*151 Special Term ruled in favor of petitioner, concluding that “neither by legislative title nor by lawful authority, vested in his position by statute or otherwise, is [petitioner] a deputy or independent officer”. In affirming, the majority of the Appellate Division emphasized that District Administrators were ‘ ‘ subordinate employees ’ ’ and relied, among other things, on the fact that the language of section 152 was merely permissive and the delegation of duties revocable. Although the majority felt that there were some “‘fringe issues of fact involved ’ ”, it did not ‘ ‘ ‘ regard them as of decisive significance ’ ”, since the detailed description of the duties and responsibilities of the office of District Administrator, contained in the pleadings and exhibits attached thereto, showed conclusively ‘ ‘ that the position from which the petitioner was removed was a subordinate one whose duties were not prescribed by statute and petitioner could not be termed a ‘ deputy ’ within the meaning of section 22 of the Civil Service Law” (emphasis supplied).
For a position to be deemed that of “deputy”, it is not required that it be specifically named in a statute or that its duties be prescribed by statute. It is sufficient if a statute authorises the delegation of such type of duties as ordinarily would be exercised by one occupying a position of “ deputy ”. It is conceded in this case that petitioner was the “ head ” of the Albany office of the board and as such was the “ head ” of several “bureaus”. Although the Workmen’s Compensation Law does not name the position of District Administrator, such a position was clearly contemplated when, in section 152, the Chairman was authorized to delegate any of her administrative powers to “ the head of any bureau or section of the board”. In our opinion this is sufficient statutory language authorising the position of District Administrator, and said section 152 is also sufficient statutory authority, under the decisions of this court, for the creation of “ deputies ”.
As early as 1907, in interpreting the same proviso as is presently contained in subdivision 1 of section 22, we stated:
“We think that when the statute excepted from limitations upon the power to remove certain persons like relator the office of deputy, cashier or private secretary, it contemplates only positions brought within *152 these excepted classes by the terms of the laws which created or authorized and defined them, or at the most positions ivhich under some sufficient authority at the discretion of the appointing or superior power have been invested with the ditties and character of one of the excepted positions.” (People ex rel. Hoefle v. Cahill, 188 N. Y. 489, 497-498; emphasis supplied.)
This language was quoted with approval in Matter of Byrnes v. Windels (265 N. Y. 403, 407). In Matter of Rohr v. Kenngott (288 N. Y. 97, 105), we held that the “ Legislature did not intend that rights of tenure to a position should be determined by the name given to the position ”. And in Heath v. Creagh (197 Misc. 537, 547, affd. 276 App. Div. 948), the court correctly stated:
‘ ‘ It is clear from the cases cited that in order to bring the petitioner’s position within the statutory concept of a deputy, the respondents must show that there was some statute making the petitioner a deputy with authority to take over and perform the duties vested in the principal officer or that there was a statute authorizing the principal officer to delegate his duties and thus to create a deputy ship.” (Emphasis supplied.)
The crux of the holding in that case—that the Deputy Director of Public Works for the City of Niagara Falls was not a 11 deputy ’ ’ within the meaning of subdivision 1 of section 22 — was that the statute did not authorize the Director of Public Works to delegate any of his statutory powers to his deputies; ‘ ‘ there was no statutory basis for this assignment of duties ’ ’ (p. 541).
The requirement that a statute create the position and delineate its duties is applicable, not to the category of “ deputy ”, but to the category of “ independent office ”, a judicially created exception to the operation of section 22. This was pointed out by our opinion in Matter of O’Day v. Yeager (308 N. Y. 580, 586) where, in attempting to formulate a general guide to aid in the determination of what persons were independent officers, we said: “ he is an independent officer whose position is created, and whose powers and duties are prescribed by statute and who exercises a high degree of initiative and independent judgment ”.
*153 There is a distinct difference between the nature of the duties required to constitute a position one of 1 ‘ independent office ” and those requisite to a position of “ deputy”, and the failure to recognize that deputies, as opposed to independent officers, are subordinate employees is responsible, in large measure, for the determination of the majority in the Appellate Division. The very reason for the judicial creation of the exception of “ independent office ”, as stated in Matter of Mylod, v. Graves (274 N. Y. 381, 384), was that “ Section 22 of the Civil Service Law was intended to apply only to those holding positions of a subordinate nature” (emphasis supplied). It is the independent officer and not the “ deputy ” who “ exercises a high degree of initiative and independent judgment ”, and whose position and duties need be prescribed by statute.
Section 141 of the Workmen’s Compensation Law constitutes the Chairman the “ administrative head of the workmen’s compensation board ” and invests him with all the duties and powers of administration, formerly held by the Industrial Commissioner (L. 1921, ch. 50), as well as the duties specified elsewhere in the law. If we accept petitioner’s contention that a position, in order to be filled by a “ deputy ”, must be specifically named in the statute and defined as to duties, then the Chairman, charged with administering the Workmen’s Compensation Law throughout the entire State, involving, among other things, the processing of countless thousands of claims each year, is incapable of having deputies. We conclude that the statute, by authorizing the Chairman to delegate her powers of administration to the heads of bureaus and sections, provided for the creation of deputies.
Thus the only remaining question involved in this case is whether the Chairman invested petitioner, as one of her District Administrators, with enough of her administrative powers so as to constitute him a deputy in the exercise of the Chairman’s administrative functions. Prior to considering this question, however, it is necessary to ascribe some content to the term “ deputy ” as used in subdivision 1 of section 22. In this connection, in Matter of Byrnes v. Windels (supra, p. 407), where we held an Assistant Corporation Counsel was a deputy within the purview of subdivision 1 of section 22, we noted that the term “ deputy” was defined as “ one who is appointed, desig *154 nated or deputed to act for another ’ ’ and that a deputy may he general or special. We further pointed out that the term ‘ ‘ deputy ’ ’ had different meanings within the Civil Service Law itself. Section 13 of the law, which states what positions are included in the exempt class, provides (stibd. 1): “ The deputies of principal executive officers authorized by law to act generally for and in place of their principals ”. We then commented as follows (p. 409):
1 ‘ That the classification of 1 deputy ’ in section 13, subdivision 1, is not intended to be a definition or limitation upon the use of the word throughout the entire act, is quite evident, when we see that the position of cashier or private secretary, if there be more than one, is not included in section 13, but is included in the exception to section 22. In other words, ‘ deputy,’ in this exception, may be broader in meaning than when used in subdivision 1 of section 13.” (Emphasis supplied.)
It is quite clear, then, that a 11 deputy ’ ’, within the meaning of subdivision 1 of section 22, like a cashier or private secretary, holds a position of a subordinate nature, and we recognized this in Matter of Mylod v. Graves (supra). To conclude that petitioner, as District Administrator, is a “ subordinate employee ’ ’ does not determine that he is not a “ deputy ”, as the opinions below seem to indicate, nor does it even aid in resolving the question. Rather, we must draw the line, as stated in Heath v. Creagh (supra, p. 543), “ between subordinates who are deputies within the meaning of the provision of section 22 here referred to and those who are not such deputies ”.
The inquiry as to whether a position is one of a subordinate nature is relevant only in distinguishing such positions from “independent offices ” (see Matter of O’Day v. Yeager, supra, p. 586). An indication that the majority of the Appellate Division failed to distinguish the category of ‘ ‘ independent office ’ ’ from that of “ deputy ” is their reliance on the fact that section 152 of the Workmen’s Compensation Law is permissive in that “ the chairman, at her pleasure, may delegate certain duties and likewise may revoke them at any time ”. This fact would be significant only in determining whether petitioner was an “ independent officer ”, and has nothing at all to do with whether *155 he is a “ deputy ’ It would seem that the duties of ‘ ‘ one who is appointed, designated or deputed to act for another ’ ’ would, by the very nature of the position, be subject to the pleasure of the principal for whom that ‘ ‘ one ’ ’ is acting.
We return now to the question of whether petitioner, as District Administrator, was invested with sufficient of respondent’s administrative powers to constitute him a “deputy”. Paragraph fourteenth of respondent’s answer, which is expressly admitted in petitioner’s reply, reads as follows:
“ That the source of the District Administrator’s powers is the Chairman of the Workmen’s Compensation Board, who by virtue of Section 141 of the Workmen’s Compensation Law possesses the administrative powers in the Workmen’s Compensation Law, and the Workmen’s Compensation Board.” (Emphasis supplied.)
In paragraphs fifteenth to thirty-third of her answer, accompanied by exhibits, respondent enumerates several illustrative powers delegated to petitioner and describes various other duties exercised by a District Administrator. Two of the powers listed, however, namely, the powers to reopen and restore certain types of cases to the calendar, were allegedly delegated to petitioner by the board and not by the Chairman and appear to be in the nature of quasi-judicial rather than administrative powers. Furthermore, in an affidavit submitted in support of his reply, pursuant to section 1292 of the Civil Practice Act, petitioner alleges that the powers and duties he exercised were not only shared by others but were restricted and narrowed and subject to policy determinations of other officials of the board, thereby precluding his position from being that of “ deputy ”.
Inasmuch as the powers and duties alleged to have been delegated by the Chairman to petitioner as District Administrator are said to be illustrative and not complete, and since there is an issue as to the actual exercise by petitioner of said powers and duties, this proceeding may not be summarily disposed of on the present record. We thus agree with Justice Bergan that triable issues are presented and that there should be a hearing at Special Term, pursuant to section 1295 of the *156 Civil Practice Act, so that these matters may be sufficiently developed and definite findings made thereon.
The order appealed from should be reversed, without costs, and the matter remitted to Special Term for further proceeding’s not inconsistent with this opinion.
Chief Judg’e Conway and Judges Desmond, Dye, Fuld, Van Voorhis and Burke concur.
Order reversed, etc.

 The Civil Service Law was completely revised, but the revision will not be effective until April 1, 1959. Former section 22 has been substantially retained, and the proviso involved in this case may be found in section 75 (subd. 1, par. [b]) of the new law.