In the Matter of VERNON MURPHY, Appellant, *v.* LEO A. LARKIN, Corporation Counsel of the City of New York, et al., Constituting the City Civil Service Commission of the City of New York, et al., Respondents.

Third Department, August 1, 1962.

*Cook & Cook* (*Mizell Wilson, Jr.,* of counsel), for appellant.

*Leo A. Larkin, Corporation Counsel* (*Saul Moskoff* and *Fred Iscol* of counsel), for respondents.

BERGAN, P. J. Petitioner was appointed as Assistant Counsel (Water Supply) in the New York City civil service at the Kingston office of the Law Department on July 27, 1955. It is conceded that the position was then, and after its reclassification as Principal Attorney on January 1, 1956 continued to be, in the competitive class of the civil service.

Petitioner was removed from the position on April 5, 1961 without the preferment of charges and without a hearing after service of almost six years. He alleges in this article 78 pro-

ceeding reviewing his dismissal that he is an honorably discharged veteran, having served in the Navy in World War II.

The provisions of section 75 (subd. 1, par. [b]) of the Civil Service Law require that a person holding a position by " permanent appointment or employment " in the classified service who is a veteran be removed only for misconduct on charges after a hearing.

The appointment of petitioner was expressly made and his employment was continued, by virtue of a rule enacted by the City Civil Service Commission of New York City (N. Y. City Civ. Serv. Comm. Rules, rule V, § IX, subd. 10). Rule V generally deals with " Competitive Class "; section IX with " Temporary and Exceptional Appointments ".

Subdivision 10 provides that the commission (i.e., the City Civ. Serv. Comm.) may " exempt from competitive examination any person who is to be appointed for service in a locality outside the City of New York who is a resident of such locality, and when appointment for such service from an eligible list is found to be not practicable, but no such person shall be eligible for transfer or assignment to work within the city." Petitioner was at the time of appointment a resident of Kingston and the service he was to perform in the position was in Kingston. He was appointed pursuant to a resolution of the City Civil Service Commission exempting him from examination, adopted in pursuance of subdivision 10 of section IX.

The respondents do not argue on appeal from the dismissal of the petition in this article 78 proceeding that the rule under which petitioner was appointed was invalid; they argue merely that the petitioner's appointment pursuant to it was not permanent. They characterize it as an appointment of " a non-permanent character ".

The rule was not, in the language of the grant of power by former section 11, in this respect inconsistent with the Constitution or the provisions of the chapter, including former section 15 of the Civil Service Law, as they read at the time of petitioner's appointment. Those provisions *inter alia,* authorized a municipal commission to suspend the requirement for competition to fill a vacancy in the competitive class where " peculiar " and " exceptional " qualifications of a scientific, professional or educational character are required and competitive examination is impractical (subd. 2).

The resolution authorizing the appointment of petitioner without examination does not fit exactly within this statutory authorization, but it does come within the exact scope of the municipal rule.

The validity of section IX (subd. 10) of rule V does not itself depend on former section 15. It is valid under the general grant of power pursuant to which it was enacted unless it is inconsistent with former section 15. It is not in violation of the Constitution, since impracticability of examination is there made the test of the authorization of the commission to exempt from competition.

And it seems to us that it is not inconsistent with former section 15 or with subdivision 2 thereof, in particular, but rather an extension, in general harmony with the policy laid down in that subdivision, to essentially similar situations in which exemption from competition might be authorized.

Subdivision 2 of former section 15 does not provide that the specific instances there noted, i.e., qualifications of a " scientific, professional or educational character " are the only possible " exceptional " instances which may reasonably warrant exemptions from competitive examination; or that in the exercise of the rule-making power delegated by former section 11 to the Municipal Commission with the approval of the Mayor and the State Commission, other and similar exceptional situations might not be provided for.

The answer of the respondents admits the making of the rule and the resolution of the Municipal Commission in pursuance of the rule; and hence the presumption must be indulged that in the promulgation of the rule the public officers concerned performed their duty according to law and that the necessary approval by the Mayor and the State Commission supported the rule.

An " exceptional " appointment made in the competitive class under subdivision 2 of former section 15 is not to be confused with a temporary or provisional appointment made under subdivision 3. As we read the statute, a valid exceptional appointment made without examination in the competitive class is a permanent appointment. The decision in *Koso* v. *Greene* (260 N. Y. 491) turned entirely on the status of provisional and temporary appointments under section 15, and not exceptional ones, and has no bearing on the problem before us. We thus reach the conclusion that petitioner was lawfully appointed to a permanent position in the competitive class.

The decision of the Appellate Division, First Department, in *People ex rel. Rosenthal* v. *Travis* (169 App. Div. 203), upon which respondents rely heavily and which was cited at Special Term, throws some interesting light upon the problem and in effect would seem to sustain petitioner's right to a hearing on charges even if he is not deemed to be in the competitive class.

This case did deal with an "exceptional" appointment without examination under subdivision 2 of former section 15. The court held that when such an appointment is made it is not in the competitive class but the appointee "is *pro haec vice* placed in a non-competitive class, and thus becomes subject to removal under circumstances applicable to persons in such class" (pp. 204–205).

If such an evaluation is to be made with regard to the petitioner's status, it would seem evident that as a veteran he is entitled to a hearing on charges. It is clear that petitioner is not in the unclassified service (Civil Service Law, § 35). If, as *Rosenthal* would suggest, he is not in the competitive class, he necessarily must be, as *Rosenthal* also indicates, in the noncompetitive class.

The present statute, in these respects re-enactments of its predecessor, makes this clear. The classified service comprises "all offices and positions" not in the unclassified service (§ 40); and the noncompetitive class includes "all positions that are not in the exempt class or the labor class and for which it is found by the commission having jurisdiction to be not practicable to ascertain the merit and fitness of applicants by competitive examination" (§ 42). That petitioner was appointed to a position in the classified service seems an inescapable result from the provisions of the statute and the rules; and the proceedings of the Municipal Commission and appointing officers.

It would be altogether reasonable, and consistent with the general policy of the statute and the usual practice of the State and various local commissions, to determine that petitioner's appointment should be in the noncompetitive class of the civil service. It was a professional position of high responsibility outside the area of the employing municipality; and on all counts it could be found it would be difficult and impracticable to fill it with a competent appointee competitively. In its total effect and result, the respondents must be deemed to have followed such a course as this.

It seems clear after more than five years in the position to which petitioner was appointed in 1955 it became permanent "employment" in the classified service; and in respect of veterans the distinction between paragraphs (a) and (b) of subdivision 1 of section 75 of the Civil Service Law is striking and could not be accidental.

Both paragraphs require charges of misconduct and a hearing before removal, but paragraph (a) merely provides this for a person holding a position "by permanent appointment" in the competitive class of the classified service; while paragraph (b)

relating to veterans, provides this protection for a person holding a position "by permanent appointment or employment in the classified service". This means, we think, that so long as petitioner is deemed to be in the classified service generally, if his employment is permanent, he is covered as a veteran.

It is undisputed that petitioner occupied for over five years a position which was in the classified service. It is asserted by petitioner that other appointees under the same rule have served in Kingston as long as 15 years. These are certainly not "provisional" or "temporary" appointments and if, as he alleges, petitioner is a veteran, he ought to be covered by the statutory protection as a person permanently employed.

In dismissing the petition, the court at Special Term was of opinion petitioner was a deputy and hence not in any event entitled to charges and a hearing under paragraph (b) of subdivision 1 of section 75; but the court did not regard it as necessary to reach that question.

The petitioner may well be a deputy, as respondents argue (*Matter of Byrnes* v. *Windels,* 265 N. Y. 403; *Matter of Bass* v. *Bragalini,* 286 App. Div. 944, motion for leave to appeal denied *sub nom. Matter of McInerney* v. *Bragalini,* 309 N. Y. 1032). This would depend on the resolution of factual issues which are not determinable on the pleadings and papers before us; among them the actual responsibilities and authority in relation to the Corporation Counsel exercised by the petitioner in his position. The title may not necessarily be controlling; but the delegation of authority and responsibility may well be determinative of the issue.

That petitioner was suspended from duties and responsibilities for a time before his removal and hence had then no authority to act is treated by him as a fact indicating he could not be a deputy during this suspension of duties. But this, we believe, has no relevancy on the question whether he was a deputy. There are other factual issues raised by the answer, including the allegation by petitioner that he is a veteran, which in any event require resolution by trial.

The order should be reversed, without costs and the motion to dismiss denied.

Gibson, Herlihy, Reynolds and Taylor, JJ., concur.

Order reversed, without costs, and motion to dismiss denied