■ In the Matter of VERNON MURPHY, Appellant, v. LEO A. LARKIN, as Corporation Counsel of the City of New York, et al., Constituting the City Civil Service Commission of the City of New York, et al., Respondents.— Upon the prior appeal (17 A D 2d 87), we expressed our " conclusion that petitioner was lawfully appointed to a permanent position in the competitive class " (p. 90) and while our opinion admitted the possibility of a determination that

"petitioner's appointment should be in the noncompetitive class" (p. 91), in this case the distinction is not important if petitioner was a deputy, as Special Term has now found; this because both classes, competitive and non-competitive, are within the "classified service" (Civil Service Law, § 40) in which we found (p. 91) petitioner had "permanent * * * employment" (§ 75, subd. 1, par. [b]) and in which he would, as a veteran, be entitled to charges of misconduct and a hearing before removal, *unless* he was a "deputy of any official or department" (par. [b], above cited). Conceding that, when appointed, he was indeed a deputy, petitioner contends that he ceased to be such when, for a period prior to his dismissal, he was not permitted to perform any of the duties of a deputy but was limited to such work as the corporation counsel from time to time assigned him; but this, as we indicated in our prior opinion (p. 92), "has no relevancy on the question whether he was a deputy." In any event, there was no change in title, classification or salary prior to petitioner's dismissal and the evidence otherwise supports the Special Term finding. Order unanimously affirmed, without costs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.