Henry Tasker, J.
In this proceeding pursuant to CPLR article 78 petitioner seeks to compel respondent to reinstate him to the position of Principal Assistant District Attorney, and for accrued salary and other benefits.
*191 It was referred to the undersigned for all purposes upon the disqualification of Mr. Justice Lipetz on October 10, 1975. A hearing was held on October 24, 1975; it was finally submitted on December 1, 1975.
The first cause of action asserts that petitioner was a duly appointed Principal Assistant District Attorney; that he is both a veteran and an exempt volunteer fireman within the meaning of section 75 (subd 1, par [b]) of the Civil Service Law; and that his removal without the benefits of the safeguards in the cited statute was improper and illegal. He seeks reinstatement. The second cause of action asserts a claim for the same relief under the contract between Suffolk County and the Civil Service Employees Association dated January 18, 1973, and, by implication, the successor contract dated April 30, 1975, effective January 1, 1975.
The record and filed papers reveal that at the times of petitioner’s appointments and removal there were numerous Assistant District Attorneys in Suffolk County, all classified as permanent exempt appointees, designated by title or category variously as chief assistant, bureau chief, deputy bureau chief, Principal Assistant District Attorney, Senior Assistant District Attorney and Assistant District Attorney. The stated categories relate to the duties delegable to them in the administrative structure of respondent’s office. They are similarly by entitlement allocated to grades and steps in the county salary plan.
Upon the hearing it was stipulated or conceded that petitioner is both a war veteran and an exempt volunteer fireman within the definitions set forth in section 75 (subd 1, par [b]) of the Civil Service Law. It was also established without dispute that he was appointed to a vacant exempt permanent position in the classified service of the County as a Principal Assistant District Attorney by District Attorney Aspland on April 10, 1972; that he was reappointed by District Attorney Wenzel in February of 1974; that he was again reappointed on January 1, 1975 by respondent; that his appointment was revoked and his employment terminated by respondent as of January 13, 1975 without notice or hearing and with no cause shown. The duties statements in evidence, set forth the duties of all Assistant District Attorneys, i.e., Principal Assistants, Senior Assistants and Assistants. Except for the positions of Chief Assistant and Bureau Chiefs, the duties are identical.
Subsequent to petitioner’s initial appointment on April 10, *192 1972 he was employed in the Trial Bureau, engaged in the trial of felony cases in County Court. In March of 1974 he was transferred to the Screening Bureau wherein he served until revocation of his appointment on January 13, 1975.
Petitioner contends that not only was he not a deputy, but also, by virtue of his assignment to the screening bureau at the time of his removal he was a subordinate or clerical employee, and in either event, protected by section 75 (subd 1, par [b]) of the Civil Service Law. Respondent asserts that petitioner, by virtue of the statutes creating his position was either a deputy or an independent officer (an exception created by judicial decision) and so within the class excepted from the protective provisions of the veteran’s discharge statute.
This latter exception may be dealt with summarily. It is applicable to those positions where the appointee exercises independent judgment and discretion in the discharge of his duties, (O’Day v Yeager, 308 NY 580; Behringer v Parisi, 5 NY2d 147 and cases cited; Bass v Bragalini, 207 Misc 1055, affd 286 App Div 944). Petitioner’s authority in the discharge of the duties delegated to him by respondent is limited by the express proviso of subdivision 2 of section 702 of the County Law to the performance of such duties as the District Attorney shall direct. As an Assistant District Attorney in the organizational structure of the District Attorney’s office petitioner cannot fit within the independent officer exception in the cited cases. Thus the only issue to be resolved is whether petitioner is a deputy of the District Attorney as that term is used in the veteran’s discharge statute.
An appointee’s status as deputy is determined not by what the appointee in fact does but by what he is directed or authorized to do by the statute i.e. whether there is a statute authorizing the principal officer to delegate his duties to the subordinate, (Behringer v Parisi, supra, and cases cited; Darcy v Fraiman, 49 Misc 2d 319, affd 25 AD2d 951). It is likewise clear that the definition of a deputy in the context of the veteran’s discharge statute may be broader than the definition used in the jurisdictional classification sections, (Civil Service Law, § 41, subd 1, par [b]; Byrnes v Windels, 265 NY 403).
The District Attorney, a constitutional officer, is an independent elected official whose powers and duties are prescribed in section 700 of the County Law, the CPL, the Penal Law and assorted miscellaneous statutes. In the more populous counties *193 the District Attorney cannot be expected to personally discharge his constitutional and statutory function in every case. For this reason he is authorized to appoint assistants and delegate and specify their duties.
Subdivision 1 of section 702 of the County Law provides for the appointment of assistants by the District Attorney within his budgetary appropriation, and authorizes him to revoke such appointments at any time. Subdivision 2 mandates the performance by the Assistant District Attorney of such duties pertaining to the office as the District Attorney shall direct. Subdivisions 3 and 4 authorize the Assistant District Attorney to perform the duties of the District Attorney during the latter’s absence or inability, and authorize designation of the order in which the assistants shall act where more than one is appointed.
Petitioner and his former colleagues thus occupy unique and sensitive positions in the public service and, notwithstanding the number of assistants appointed, any one of them may by statute be called upon to discharge the powers and duties of their elected principal. The nature of the position requires that respondent be entitled to appoint and remove his assistants at will during his term, without the necessity of inquiry concerning their pre-appointment status under section 75 (subd 1, par [b]) of the Civil Service Law or of alleging or proving incompetence or misconduct in the event of his determination to terminate their service. To the extent that the assistants discharge the statutory duties of the principal in the prosecution of crimes, the District Attorney must be the sole judge of their performance.
The administrative organization and structure of the prosecutor’s office and the particular assignment therein of an individual assistant cannot operate to convert an office possessing the statutory attributes of a deputyship into a subordinate clerical position. The criteria to be applied is the statutory authorization and the duties required of and delegated to petitioner and his compeers by the various duties statements.
In the case at bar petitioner’s status as a deputy cannot be determined by the fortuity of his assignment to a position, which he has elected to characterize as that of a subordinate. To sustain his contention would be to place respondent in the intolerable position of having third parties, the Civil Service Commission or a reviewing court, (Civil Service Law, § 76) determine whether the assistant was competently discharging *194 the duties which are the statutory responsibility of the principal and for which he must ultimately answer to the electorate. Clearly the Legislature did not intend such a result (cf. Executive Law, § 62 which classifies all attorneys appointed by the Attorney General as deputies).
The scope of duties assignable to petitioner under the statute and the duties statements in evidence mandate a finding that he is a deputy within the meaning of the veteran’s discharge statute and its interpretation in Byrnes v Windels (supra) and Behringer v Parisi (supra).
In view of the court’s holding that petitioner was a deputy as the term is used in section 75 (subd 1, par [b]) of the Civil Service Law the protective provisions of the statute are inapplicable; respondent’s summary revocation of petitioner’s appointment was within his statutory power.
Turning to the second cause of action, the court’s finding that petitioner was a deputy would exclude him from coverage under subdivision (f) of the applicability clause of the 1973-1974 employee’s contract (and subdivision (e) of the 1975 contract). However, an additional ground exists which is dis-positive of petitioner’s claim under the employees contracts. Section 1 of chapter 283 of the Laws of 1974, effective May 6, 1974, amended section 201 (subd 7, par [b]) of the Civil Service Law, and added Assistant District Attorneys to the category of managerial employees who are excluded from Taylor Law coverage by section 201 (subd 7, par [a]) and are barred from membership in employee organizations by section 214 of the Civil Service Law. Petitioner, by virtue of the cited statute, ceased to be a covered public employee on May 6, 1974. Assuming arguendo that petitioner was a covered employee under the 1973-1974 contract, the statutory amendment could not affect petitioner’s vested rights under such contract, (Shelofsky v Helsby, 32 NY2d 54). However, that contract expired on December 31, 1974. The new contract, dated April 30, 1975, effective as of January 1, 1975, could not, under the cited provisions, afford any protection to petitioner, and he could not accrue any rights thereunder which would bar his summary removal as of January 13, 1975.
Judgment for respondent dismissing the petition.