■ In the Matter of JOHN B. CLARKE, Appellant, v HENRY F. O'BRIEN, as District Attorney of the County of Suffolk, et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia*, to compel the respondent District Attorney to reinstate petitioner to his position as "Principal Assistant District Attorney", petitioner appeals from a judgment of the Supreme Court, Suffolk County, entered February 6, 1976, which, after a hearing, dismissed the petition. Judgment affirmed, without costs or disbursements, on the opinion of Mr. Justice Tasker at Special Term. Martuscello, Acting P. J., Cohalan, Rabin and Mollen, JJ., concur.

■ In the Matter of the COMMON COUNCIL OF THE CITY OF MIDDLE-TOWN, Petitioner, v TOWN BOARD OF THE TOWN OF WAWAYANDA, Respondent.—In a proceeding pursuant to section 712 of the General Municipal Law to determine whether the proposed annexation by petitioner of certain land in the Town of Wawayanda is in the over-all public interest, wherein this court, by order dated July 8, 1974, as amended by order dated May 19, 1976, designated Justices Donohoe, Rubenfeld and Sirignano as Referees to hear and report their findings of fact and conclusions of law, respondent moves to confirm the report of the Referees that the proposed annexation would not be in the over-all public interest and petitioner cross-moves to reject the said report and for a determination that the proposed annexation would be in the over-all public interest. Motion granted and cross motion denied, without costs or disbursements, and it is determined that the proposed annexation is not in the overall public interest. The report's conclusion that the proposed annexation would not be in the over-all public interest is clearly supported by the evidence, and we confirm and adopt the report, and its findings and conclusions, as those of this court. Hopkins, Acting P. J., Latham, Damiani and Rabin, JJ., concur.

■ In the Matter of CLARA HEISLER, Respondent-Appellant, v CHARLES J. HYNES, as Deputy Attorney-General of the State of New York, Appellant-Respondent.—In a proceeding to quash a certain subpoena duces tecum, the parties cross-appeal from a resettled order of the Supreme Court, Queens County, dated January 5, 1977, which denied the application, but permits a representative of petitioner to be present during the audit, inspection and examination of the subpoenaed materials except when said materials are being presented to the Grand Jury. Resettled order modified, on the law, by deleting therefrom ˊthe provision which permits a representative of petitioner to be present during the audit, inspection and examination of the subpoenaed materials and by substituting therefor a provision that no such representative shall be entitled to be present during the audit, etc., of the said materials. As so modified, resettled order affirmed, without costs or disbursements (see *Matter of Windsor Park Nursing Home v Hynes,* 56 AD2d 872). Martuscello, Acting P. J., Cohalan, Rabin and Mollen, JJ., concur.