◼ In the Matter of WINDSOR PARK NURSING HOME, Respondent-Appellant, v CHARLES J. HYNES, as Deputy Attorney-General of the State of New York, Appellant-Respondent.—In a proceeding to quash a certain subpoena duces tecum, the parties cross-appeal from a resettled order of the Supreme Court, Queens County, dated January 5, 1977, which denied the application, but permits a representative of petitioner, or its counsel, to be present during the audit, inspection, photocopying and examination of its books and records. Resettled order modified, on the law, by deleting therefrom the provision which permits a representative of petitioner, or its counsel, to be present during the audit, inspection, photocopying and examination of its books and records and by substituting therefor a provision that no such representative or counsel shall be entitled to be present during the audit, etc., of the books and records. As so modified, resettled order affirmed, without costs or disbursements. The Deputy Attorney-General (the prosecutor) has the legal authority to issue a subpoena duces tecum *(Matter of Sigety v Hynes,* 38 NY2d 260), and the instant subpoena was material and relevant to an inquiry within his lawful jurisdiction. The subpoena was not overbroad and the prosecutor was not required to demonstrate probable cause before the subpoena was issued (see *Myerson v Lentini Bros. Moving & Stor. Co.,* 33 NY2d 250). The prosecutor also made out a sufficient basis for his inquiry, since some of petitioner's claimed expenditures have been disallowed by the State. A factual basis has been shown of possible fiscal and record-keeping irregularities (see *Matter of Lewis v Hynes,* 82 Misc 2d 256, affd 51 AD2d 550). That part of the order which permits petitioner's representative or counsel to be present during the examination, etc., of the books is unreasonable as a matter of law (see CPLR 2304). An audit is a nonadversary proceeding and petitioner was required to maintain the materials sought (see US Code, tit 42, § 1396a, subd [a], par [7]). It must be assumed that information required by law to be filed may be examined by a governmental agency without unwarranted intrusion and without inviting the elements of an adversary proceeding. In addition, there is the possibility that the presence of petitioner's representative or counsel might impede the course of the examination and might intimidate witnesses and keep them

from testifying candidly. Martuscello, Acting P. J., Cohalan, Rabin and Mollen, JJ., concur.