■ In the Matter of JOSEPH P. SULLIVAN, Respondent, v SUPERINTENDENT OF INSURANCE, Appellant. — Appeal, by permission, from an order of the Supreme Court at Special Term (Williams, J.), entered January 18, 1984 in Albany County, which, in a proceeding pursuant to CPLR article 78, directed, *inter alia*, a trial of factual issues purportedly raised. ¶ Petitioner served as the

executive assistant for legislative affairs to the State Superintendent of Insurance. By letter dated July 29, 1983, petitioner was informed that his employment in the State Insurance Department would be terminated on August 12, 1983. Petitioner thereafter commenced this proceeding alleging that, as a veteran, he could not be removed except for incompetency or misconduct shown after a hearing upon stated charges (Civil Service Law, § 75, subd 1, par [b]). Respondent's answer alleged that petitioner served as a deputy and, thus, was excepted by the language of section 75 (subd 1, par [b]) of the Civil Service Law from the protection he claimed. Special Term concluded that respondent was statutorily authorized to delegate his power and that petitioner's position had sufficient administrative powers to be considered a deputy within the meaning of section 75 (subd 1, par [b]) of the Civil Service Law. Nonetheless, because petitioner affirmed that he did not perform these administrative powers of respondent, Special Term found an issue of fact as to whether petitioner was a deputy and remitted the matter for a hearing on whether petitioner actually exercised the powers which his position was authorized to exercise. Respondent was granted permission to appeal that portion of the order directing a hearing. ¶ A deputy within the meaning of section 75 (subd 1, par [b]) of the Civil Service Law is one who is appointed, designated or deputed to act for another (*Matter of Byrnes v Windels,* 265 NY 403, 407). Whether one is such a deputy does not depend on the name given to a position (see *Matter of Rohr v Kenngott,* 288 NY 97, 105) and the position need not be named in a statute (*Matter of Behringer v Parisi,* 5 NY2d 147, 151). There must, however, be a statute authorizing the purported deputy "to take over and perform the duties vested in the principal officer or * * * a statute authorizing the principal officer to delegate his duties and thus to create a deputyship" (*Heath v Creagh,* 197 Misc 537, 547, affd 276 App Div 948). If either of these requirements is met, it is then necessary to determine whether respondent invested petitioner with sufficient administrative powers so as to constitute petitioner a deputy in the exercise of administrative functions (*Matter of Behringer v Parisi, supra,* p 153). ¶ The parties seem to agree that respondent was authorized to delegate his duties under sections 10 and 11 of the Insurance Law. Respondent contends that this authorization, combined with the documentary evidence in the record which shows that petitioner's position was delegated administrative powers of respondent, is sufficient to render petitioner a deputy and that whether petitioner actually exercised these duties is immaterial. Petitioner argues that his actual duties are material to whether he was a deputy and, because he did not exercise respondent's powers, he cannot be considered a deputy. ¶ Initially, we agree that respondent had statutory authority to delegate his duties and create a deputyship (see Insurance Law, §§ 10, 11, 16). More difficult is whether petitioner was delegated sufficient authority to be considered a deputy. Special Term reviewed petitioner's job descriptions and concluded "that the Executive Assistant has sufficient administrative powers of the Superintendent to be considered a deputy". Our review of these job descriptions and other materials in the record convinces us that a question of fact exists on this issue. Petitioner's position involved coordinating consumer activities, developing programs and attending meetings as directed by respondent, and also representing respondent at certain meetings and committees. The position also required extensive research and preparation of testimony, in addition to the tracking of State and Federal legislation. These varied duties do not permit simple assessment with regard to the exercise of respondent's administrative powers. Although petitioner was empowered to represent respondent before various public and private organizations and committees, it is unclear from the record to what extent petitioner was authorized to so represent respondent. Further-

more, much of the work to be performed by petitioner was not of an administrative type and not particular to respondent; for example, tracking legislation and preparing testimony cannot be considered an administrative power specific to respondent. Thus, Special Term was correct in requiring a trial, which must focus on whether respondent delegated sufficient powers so as to constitute petitioner a deputy. ¶ In making this inquiry, we are of the view that petitioner's actual duties are relevant and material and should be considered in determining whether petitioner was a deputy. Our analysis of the pertinent law leads us to this conclusion as the reasonable explanation of why certain cases have indicated that the actual exercise of duties and powers should be reviewed and other cases have indicated that the actual exercise would make no difference in resolving the issue of whether one was a deputy. It is apparent that in close cases, where the actual delegation of authority by the principal officer cannot be readily assessed to determine whether one is a deputy, the actual exercise of authority by the purported deputy should be scrutinized and considered in resolving the question of deputyship (see *Matter of Behringer v Parisi*, 5 NY2d 147, 153, *supra*). On the other hand, where the delegation of authority is clear on the facts or by the nature of the position, a hearing to consider the actual exercise of authority would add nothing to the already obvious and, thus, is unnecessary (see *Matter of Byrnes v Windels*, 265 NY 403, *supra; Matter of De Lucia v Lefkowitz*, 62 AD2d 674, 677-679, affd *sub nom. Matter of Hopkins v Lefkowitz*, 48 NY2d 901; *Matter of Clarke v O'Brien*, 91 Misc 2d 190, affd 56 AD2d 869). Because of the uncertainties about petitioner's position discussed previously, we deem this case to present a close question and believe a trial regarding respondent's actual delegation of authority, to include consideration of petitioner's actual duties, is required. ¶ Respondent's reliance on *Matter of Murphy v Larkin* (17 AD2d 87, after remand 20 AD2d 595, affd 15 NY2d 770, cert den 382 US 903) is unpersuasive. In *Murphy* (*supra*), this court remitted for determination of "the *actual responsibilities and authority * * * exercised* by the petitioner in his position" (*id.*, at p 92 [emphasis added]). The petitioner's inability to exercise these powers due to a suspension was held not relevant (*Matter of Murphy v Larkin*, 20 AD2d 595, 596). Petitioner herein was not prevented from exercising his powers by any suspension and, thus, inquiry into petitioner's actual duties would be relevant. Likewise, we cannot countenance the broad proscription against considering the actual exercise of the purported deputy's powers indicated in *Matter of Clarke v O'Brien* (*supra,* pp 192, 193-194), for such a rule runs counter to the dictate of the Court of Appeals in *Matter of Behringer v Parisi* (*supra,* p 153) as discussed above. Accordingly, a trial in accordance with the views expressed herein is proper. We would add that the trial court must take care to consider that a principal officer is not permitted to alter one's duties and powers merely to change that individual's status to and from a deputy (see *People ex rel. Hoefle v Cahill,* 188 NY 489, 497-498). ¶ Order affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.