**Albert C. TODARO, Plaintiff–Appellant,**

**v.**

**Cecilia E. NORAT, individually and as Executive Director of the State Insurance Fund; James Doe, James Doe, individually and officially; Michael Roe, individually and officially; Michael Doe, Michael Doe, individually and officially; George Roe, individually and officially; The State Insurance Fund; State of New York, Defendants–Appellees.**

No. 537, Docket 96–7503.

United States Court of Appeals, Second Circuit.

Argued/Submitted Dec. 3, 1996.

Decided Feb. 18, 1997.

Craig T. Dickinson, White Plains, NY (Jonathan Lovett, Lovett & Gould, of counsel), for Plaintiff–Appellant.

Charles F. Sanders, Assistant Attorney General, New York City (Dennis C. Vacco, Attorney General, Peter H. Schiff, Deputy Solicitor General, and Peter G. Crary, Assistant Attorney General, of counsel), for Defendants–Appellees.

Before NEWMAN, Chief Judge, OAKES and WINTER, Circuit Judges.

OAKES, Senior Circuit Judge:

Albert Todaro appeals a decision of the United States District Court for the Southern District of New York, Barrington D. Parker, *Judge,* dismissing, pursuant to Fed. R.Civ.P. 12(b)(6), his action brought under 42 U.S.C. § 1983 against Cecilia Norat in her individual capacity. We vacate and remand.

On February 1, 1984, Todaro was appointed to the position of Director of Accounts and Finance and Investment Officer at the State Insurance Fund ("SIF") by the SIF Commis-

sioners.[1] Todaro alleges Norat informed him on April 11, 1995, that he was terminated effective April 18, 1995. Norat and Todaro disagree as to whether he was an at-will or tenured employee.

Todaro instituted this action against the State of New York, the State Insurance Fund, and Norat both as an individual and in her official capacity as Executive Director of the SIF, for violating his right to due process by dismissing him from his job without providing a constitutionally adequate hearing. Appellant sought, *inter alia,* compensatory and punitive damages and injunctive relief. In an order dated October 31, 1995, the district court dismissed the complaint as against the State, the SIF and Norat in her official capacity. The decision appealed from, dated April 2, 1996, dismissed the complaint against Norat individually, reasoning that Article 78 of the New York Civil Practice Law and Rules providing for summary review of administrative decisions in state court adequately protected Todaro's constitutional right to due process. The district court expressly declined to decide whether Todaro had a property interest in his position. We review the grant of a Rule 12(b)(6) motion *de novo.* *Citibank, N.A. v. K–H Corp.,* 968 F.2d 1489, 1494 (2d Cir.1992).

The district court's decision that a post-termination hearing under Article 78 was constitutionally adequate directly conflicts with the holding of *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), which requires a government entity to give its tenured employee notice and an opportunity to respond *before* he is terminated from a public position. Due process does not require a full, judicial-type hearing before employment is terminated, but certain features must be present to fulfill the minimum requirements of fairness: the employee must be given oral or written notice of the charges against him, an explanation of the employer's evidence, and the opportunity to present his side of the story. *Id.* at 546, 105 S.Ct. at 1495. A post-termination proceeding such as that provided un-

---

1. The title of plaintiff's position was changed sometime in 1993, and it is now known as Director, Fiscal Management and Investments.

**600**

der Article 78 does not meet the *Loudermill* requirements because it takes place *after* the employee has lost his job. We therefore vacate the district court's grant of Norat's 12(b)(6) motion.

Recognizing that the district court's holding conflicts with *Loudermill*, Norat asks this court to affirm the district court's ruling solely on an issue it expressly declined to consider, and hold that New York law does not give Todaro a Fourteenth Amendment due process "property interest" in his employment at SIF. We decline this invitation. "Property interests ... 'are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law....'" *Id.* at 538, 105 S.Ct. at 1491 (quoting *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972)). This circuit looks to New York Civil Service Law and the statutes which create a particular position or the authority to appoint or remove an individual to or from the position to determine whether a New York public employee has a property interest in his position requiring that he be afforded a hearing before termination. *See, e.g., O'Neill v. City of Auburn*, 23 F.3d 685 (1994). The question whether Todaro had a constitutionally protected interest in his job, therefore, requires evaluation of state statutes and the expectations they create.

Plaintiff argues that, because he is a veteran who served in active duty in the United States Army from October 1961 to August 1962, he enjoyed limited tenure pursuant to New York Civil Service Law § 75(1)(b), which limits the reason for terminating veterans to incompetency or misconduct and expressly grants the right to a hearing. Norat counters that Todaro, as the SIF's Director of Fiscal Management and Investments, was an independent officer with a high level of responsibility such that his position fell within a judicially created exception to § 75(1)(b). *See O'Day v. Yeager*, 308 N.Y. 580, 585–86, 127 N.E.2d 585, 586 (1955); *Mylod v. Graves*, 274 N.Y. 381, 384, 9 N.E.2d 18, 19 (1937). *See also O'Neill*, 23 F.3d at 688–89. Alternatively, Norat argues that Todaro was a "deputy" within the meaning of the

express exemption of § 75(1)(b). *See Behringer v. Parisi*, 5 N.Y.2d 147, 182 N.Y.S.2d 365, 156 N.E.2d 71 (1959); *Sullivan v. Superintendent of Ins.*, 103 A.D.2d 914, 478 N.Y.S.2d 153 (3d Dep't 1984), *aff'd*, 64 N.Y.2d 1074, 489 N.Y.S.2d 904, 479 N.E.2d 249 (1985).

This court is not the proper forum to resolve either of these questions, in the first instance, and the facts relevant to Todaro's status under New York law have not been developed below. We therefore vacate and remand this case to the district court with the instruction to decide whether Todaro had a due process property interest in his post at the SIF.